UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**GARRY HAFERBIER,**

   Plaintiff,

v.     No. 4:24-cv-00315-P

**IMER USA, INC.,**

   Defendant.

## MEMORANDUM OPINION & ORDER

Before the Court is Defendant's Motion to Dismiss. ECF No. 7. Having considered the Motion, briefs, and applicable law, the Court determines the Motion should be and is hereby **GRANTED** for the reasons below.

## BACKGROUND

Plaintiff Garry Haferbier, a former employee of Defendant IMER USA, Inc., brought this suit under the Age Discrimination in Employment Act ("ADEA") and the Texas Commission on Human Relations Act ("TCHRA"), making claims for age discrimination, retaliation, and hostile work environment. In considering IMER's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court accepts as true the following facts presented in Plaintiff's First Amended Complaint. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 725 (5th Cir. 2002); ECF No. 6.

Haferbier worked as a National Sales Manager with IMER, which designs and builds heavy equipment and machinery. For all relevant events, Haferbier was above the age of forty, as required by both the ADEA and the TCHRA. *See* 29 U.S.C. § 631; TEX. LAB. CODE ANN. § 21.101. From October 2022 through his termination in January 2023, Haferbier alleges that the CEO of IMER, Robert Bacarella, made disparaging and unlawful comments regarding Haferbier's age.

During this time, IMER upgraded its office technology, causing technological difficulties unrelated to Haferbier's age. Nevertheless, Haferbier's attempts to resolve these difficulties resulted in more disparaging comments, including Bacarella's assertion that the company would "save time" if they hired someone younger for Haferbier's position. When Haferbier warned Bacarella that he would report the company for age discrimination, Bacarella made it clear that he did not care and continued the abuse.

At no point was Haferbier ever reprimanded for his work quality. Instead, his forty years of sales experience contributed to the company's growth. Despite this, IMER hired Chris Graham in January 2023—a significantly younger man with no national sales experience who required a much lower salary. IMER terminated Haferbier the next day. Following these events, Haferbier filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), claiming IMER discriminated against him based on his age. In the charge, Haferbier detailed the following events:

> I have been subjected to denial of benefits, inequitable terms and conditions, and discharge due to my age (60). I had been employed with the Responding Party as a National Sales Manager since 09/01/2020.
>
> On 12/27/2022, I received my Christmas bonus via direct deposit, but it was immediately removed on the same day. Robert Bacarella (CEO, 55) stated, "you made too much money."
>
> My coworkers were treated more fairly because they were allowed to keep their bonus.
>
> On 01/10/2023, I was discharged by Bacarella who stated that the Responding Party had to make some changes as they could no longer afford me. He informed me that he would assume all my duties.
>
> On 02/01/2023, Chris Graham (around 40) was announced as my replacement. Graham only has twelve years of experience compared to my forty.
>
> The Responding Party appears to be continuing this process as my previous CFO/HR Director who was 63 years old and was recently removed, was replaced by 28-year-old employee at a significantly less salary.

Haferbier received a Notice of Right to Sue from the EEOC on January 19, 2024.

## LEGAL STANDARD

Rule 12(b)(6) allows defendants to move to dismiss an action if the plaintiff fails to state a claim upon which relief can be granted. *See* FED. R. CIV. P. 12(b)(6). In evaluating Rule 12(b)(6) motions, courts accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *See Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) (quoting *Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th Cir. 1986)). "Further, 'all questions of fact and any ambiguities in the controlling substantive law must be resolved in the plaintiff's favor.'" *Id.* (quoting *Lewis v. Fresne*, 252 F.3d 352, 357 (5th Cir. 2001)). However, courts are not bound to accept as true legal conclusions couched as factual allegations. *See In re Ondova Ltd.*, 914 F.3d 990, 993 (5th Cir. 2019) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The well-pleaded facts must permit the court to infer more than the mere possibility of misconduct. *See Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). That is, the complaint must allege enough facts to move the claim across the line from conceivable to plausible. *See Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Determining whether the plausibility standard has been met is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (quoting *Iqbal*, 556 U.S. at 663–64).

## ANALYSIS

IMER moves to dismiss Haferbier's retaliation and hostile work environment claims for failure to exhaust administrative remedies. *See* ECF No. 7 at 4. Haferbier brings his claims under the ADEA and the TCHRA. *See* ECF No. 6. It is well established that "[t]he standard of proof for Title VII discrimination claims also applies to . . . ADEA claims." *Roberson v. Alltel Info. Servs.*, 373 F.3d 647, 651 (5th Cir. 2004). Since the TCHRA is the state's counterpart to Title VII, the same analysis applies to both. *Schroeder v. Tex. Iron Works, Inc.*, 813 S.W.2d

3

483, 485 (Tex. 1991), *overruled on other grounds by In re United Servs. Auto Ass'n,* 307 S.W.3d 299 (Tex. 2010). Both require that claimants exhaust all administrative remedies before filing in federal court. *See e.g.*, *Davenport v. Edward D. Jones & Co., L.P.*, 891 F.3d 162, 168–69 (5th Cir. 2018).

"Failure to exhaust is not a procedural 'gotcha' issue. It is a mainstay of proper enforcement of Title VII remedies." *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 272 (5th Cir. 2008). Allowing unexhausted claims to proceed would "thwart the administrative process and peremptorily substitute litigation for conciliation." *Id.* at 273. Therefore, the Court must dismiss any claims that fail to show administrative exhaustion where required. *See id.* at 272.

Before bringing a claim, a plaintiff must file a charge of discrimination with the EEOC. *Young v. City of Hous.*, 906 F.2d 177, 179 (5th Cir. 1990). Following an investigation, the EEOC may issue a Right to Sue Letter. Upon receipt of the letter, a plaintiff may bring a discrimination suit extending "as far as, but no further than, the scope of the EEOC investigation which could reasonably grow out of the administrative charge." *Fine v. GAF Chem. Corp.*, 995 F.2d 576, 577–78 (5th Cir. 1993) (citation and internal quotations omitted). Since the "provisions of Title VII were not designed for the sophisticated, and most complaints are initiated *pro se*, the scope of an EEOC complaint should be construed liberally." *Pacheco v. Mineta*, 448 F.3d 783, 788–89 (5th Cir. 2006).

But this liberal construction has limits. For instance, a charge must still state a discrimination claim's basic facts. *Fine*, 995 F.2d at 578. The test is whether a plaintiff's allegations could reasonably be expected to grow out of the initial charge, such that the charge placed the employer on notice of the claims against them. *Manning v. Chevron Chem Co., LLC*, 332 F.3d 874, 879 (5th Cir. 2003). If a charge failed to provide such notice, the plaintiff's administrative remedies are not exhausted. *See id.*

### A. Haferbier did not exhaust administrative remedies for his retaliation claim.

IMER argues Haferbier's retaliation claim should be dismissed because the EEOC charge did not assert facts supporting such a claim. *See* EFC No. 7 at 9–10. In contrast, Haferbier argues his retaliation claim would logically "follow" the events described in the charge. *See* ECF No. 10 at 3–6. While Haferbier did not check the "retaliation" box, the Fifth Circuit has made clear that it is "not required that a Title-VII plaintiff check a certain box or recite a specific incantation to exhaust his or her administrative remedies." *Pacheco*, 448 F.3d at 792. Instead, the Court asks "whether the EEOC charge contains factual allegations to support an un-checked claim." *Huff v. DRE Mgmt., Inc.*, No. 3:12-CV-0414-B, 2012 WL 3072389, at *3 (N.D. Tex. July 30, 2012) (Boyle, J.). The Court looks to the *prima facie* case to make this determination. *See Pacheco*, 448 F.3d at 791.

To state a retaliation claim, Haferbier "must show (1) that he engaged in a protected activity, (2) that there was an adverse employment action, and (3) that a causal link existed between the protected activity and the adverse employment action." *Holtzclaw v. DSC Commc'ns Corp.*, 255 F.3d 254, 260 (5th Cir. 2001) (citation omitted). He fails to do so because the facts in his EEOC charge do not show causal link "between the protected activity and the adverse employment action." *Id.* To start, his EEOC complaint did not check the "retaliation" box or include the word "retaliation." *See* ECF No. 8-1 at 2. While this is not dispositive, Haferbier still must allege protected activities that would potentially give rise to a retaliation claim.

Protected activities occur when an employee "(1) 'opposed any practice made an unlawful employment practice' by Title VII or (2) 'made a charge, testified, assisted, or participate in any manner in an investigation, proceeding, or hearing' under Title VII." *Long v. Eastfield Coll.*, 88 F.3d 300, 304 (5th Cir. 1996) (quoting 42 U.S.C. § 2000e-3(a)). Here, Haferbier's EEOC charge alleges no protected activity for which IMER retaliated. There is no mention that Haferbier complained about age discrimination or that he told IMER he would pursue an EEOC charge, as he explains in his First Amended Complaint. *See* ECF No. 6

at 4. While he now argues he was "discharge[d] due to my age," age is a protected class, not a protected activity. ECF No. 10 at 4. Thus, his EEOC charge alleges facts for discrimination, not retaliation.

Haferbier further argues his charge cited Chapter 21 of the Texas Labor Code and the ADEA, both of which recognize retaliation as a claim. *See id.* at 5. Under this reasoning, citing to a code empowers plaintiffs to bring any claim the code recognizes. As this Court previously noted, filing a discrimination charge "is not *carte blanche* to bring any claim possible under" that law. *Madaki v. Am. Airlines, Inc.*, No. 4:21-cv-0760-P, 2022 WL 227163, at *5 (N.D. Tex. Jan. 25, 2022) (Pittman, J.) (citing *Pacheco*, 448 F.3d at 788-89). While courts read EEOC charges liberally, they must still present a basis for the claim asserted. Because a retaliation claim could not reasonably grow from Haferbier's EEOC charge, his retaliation claim is unexhausted. Accordingly, that claim must be **DISMISSED**.

### B. Haferbier did not exhaust administrative remedies for his hostile work environment claim.

IMER argues Haferbier's hostile work environment claim should be dismissed for the same reason. *See* ECF No. 7 at 11–14. Haferbier argues the multiple discriminatory events described in the charge suffice to support his claim. *See* ECF No. 10 at 6–8. Again, while not dispositive, Haferbier checked no box for this cause of action and never mentioned a "hostile work environment" in his charge. *See Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 462–63 (5th Cir. 1970). Once more, the Court asks whether a hostile work environment claim could reasonably grow from Haferbier's charge. *See Pacheco*, 448 F.3d at 791.

Employees must allege more than discrete acts of discrimination for their EEOC charge to support a hostile work environment claim. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 115 (2002). Discrimination and hostile work environment claims are distinct. *See id.* A hostile work environments "very nature involves repeated conduct." *Id.* Thus, a hostile work environment "cannot be said to occur on any particular day. It occurs over a series of days or perhaps even years and, in direct contrast to discrete acts." *Id.* A workplace becomes hostile when "it is 'permeated with discriminatory intimidation, ridicule, and insult,

that is sufficiently severe or pervasive to alter the conditions of the victim's employment.'" *Alaniz v. Zamora-Quezada*, 591 F.3d 761, 771 (5th Cir. 2009) (quoting *Harris v. Forklift Sys., Inc*, 510 U.S. 17, 21 (1993)).

Here, Haferbier's EEOC charge included two discrete acts: (1) the withholding of a Christmas bonus in December 22 and (2) his termination in January 2023. *See* ECF No. 8-1 at 2. He also alleges that IMER replaced him with a much younger employee in February 2023. *Id*. These discrete acts are insufficient for a claim of hostile work environment to reasonably be expected to grow out of the EEOC charge. *See R.R. Passenger Corp.*, 536 U.S. at 115. The fact that IMER withheld a bonus does not change this analysis. These facts do not even hint at the work environment's conditions, nor do they include "intimidation, ridicule, [or] insult[s]" such as those provided in the First Amended Complaint. *Alaniz*, 591 F.3d at 771; *see* ECF No. 6. While the acts may support a general discrimination claim, they do not support a hostile work environment claim. And as noted above, the fact that Haferbier cited Chapter 21 of the Texas Labor Code does not entitle him to *carte blanche* at the pleadings stage. Because a hostile work environment claim could not reasonably grow from Haferbier's EEOC charge, his claim is unexhausted. Thus, this claim must be **DISMISSED** as well.

## CONCLUSION

For the reasons above, the Court **GRANTS** Defendant's Motion to Dismiss the Retaliation and Hostile Work Environment Claims. ECF No. 7. Insofar as the deadline to file an EEOC charge has passed, both claims are **DISMISSED with prejudice.** Haferbier's discrimination claim lives to fight another day.

**SO ORDERED** on this **20th day** of **June 2024.**

*/s/ Mark T. Pittman*

MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE

7